## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IN RE MCCORMACK et al.** | : | |
| | : | **MISC. ACTION** |
| | : | |
| | : | **No. 20-56** |

## MEMORANDUM

**Schiller, J.**                                                                                                 **June 4, 2020**

William T. McCormack and Anthony Scott Kopenheffer have applied for an order pursuant

to 28 U.S.C. § 1782 that would permit them to take discovery from several parties in this district

for use in future litigation in Canada. For the following reasons, the Court will deny the application.

## I.      BACKGROUND

McCormack and Kopenheffer's application arises out of *Surefire Dividend Capture v.*

*Smith* (Docket No. 19-4088), which is also before this Court. There, Surefire Dividend Capture, a

limited partnership doing business in Montreal, has accused McCormack, Kopenheffer, and other

Defendants of securities fraud. According to Surefire, McCormack and Kopenheffer used false

statements to induce investors to invest in Broad Reach Capital (BRC), a fund that Surefire alleges

was a Ponzi-scheme. Surefire alleges that McCormack and Kopenheffer made false

representations about BRC to Aalii Fund, L.P. and Alpha Capital Partners, L.P. ("Aalii and

Alpha") which induced them to invest in BRC, and further that, "[o]n or about February 27, 2019,

[Aalii and Alpha] transferred their investments in BRC to Surefire[.]" (Cornish Decl., Ex. 1).

Surefire now seeks recovery based on the allegedly false representations made to Aalii and Alpha.

In their respective motions to dismiss, McCormack and Kopenheffer argued that Surefire

cannot assert securities fraud claims based on statements made to Aalii and Alpha rather than

Surefire.[1] The Court denied the motion, finding that Surefire's pleadings, read in the light most favorable to it, properly alleged that Aalii and Alpha's claims had been transferred to Surefire. The Court also noted at oral argument that evaluating McCormack and Kopenheffer's argument would require a detailed analysis of the facts surrounding the transfer, and that it anticipated undertaking such an analysis following discovery. Nonetheless, on May 5, 2020, McCormack and Kopenheffer filed an *ex parte* application under 28 U.S.C. § 1782, asking a different judge to authorize discovery from six parties – Aalii, Alpha, Acadian Partners LLC, Aalii Capital LLC, Bluestone Capital Management LLC, and Brian Shevland ("Surefire Assignors") – related to the transfer.

28 U.S.C. § 1782 authorizes discovery "for use in a proceeding in a foreign or international tribunal . . . upon application of an interested person". McCormack and Kopenheffer claim they "have reason to believe that under Quebec law, (a) Surefire could not lawfully engage in any business with the Surefire Assignors, and (b) that the partners of Surefire may in fact be deemed the Quebec equivalent of general partners of an unrecognized foreign partnership . . . .[and thus] under Quebec law would lack capacity to effect these transfers[.]". They intend to "seek declaratory relief in in Quebec court regarding the legal status of partnerships that appear to be clandestinely operating in Quebec, their capacity to lawfully transact business in Quebec, their liabilities and obligations to their respective partners, and the legal status of such partners."

The application was initially assigned to The Honorable J. Curtis Joyner, but was transferred to this Court on May 13, 2020.

## II.    DISCUSSION

A district court has discretion to grant an application for discovery under § 1782 where:

---

[1]    McCormack and Kopenheffer have also named Aalii and Alpha (along with entities called Aalii Capital, LLC, Acadian Partners LLC, and an individual named Brian C. Shevland) as third-party defendants in *Surefire v. Smith*.

> (1) the person from whom discovery is sought resides or is found within the district;
> (2) the discovery is for use in a proceeding before a foreign or international tribunal;
> and (3) the application is made by a foreign or international tribunal or any
> interested person.

*In re Application Pursuant to 28 U.S.C. §1782 of Michael Page do Brasil Ltda.*, Civ. A. No. 17-4269, 2018 WL 7018716, at *3 (D.N.J. Jan. 19, 2018). "[I]f those requirements are satisfied, the Court may then consider other factors to determine whether to exercise its discretion to grant the application." *In re O'Keeffe*, 646 F. App'x 263, 265–66 (3d Cir. 2016).[2] Even assuming the statutory prerequisites for discovery under § 1782 are met here, the Court will deny McCormack and Kopenheffer's application because it runs contrary to the goals of "just, speedy, and inexpensive determination of every action" that inform every discretionary procedural ruling in federal court. Fed. R. Civ. P. 1.

McCormack and Kopenheffer seek discovery in Pennsylvania so that they may ask a Canadian court for "declaratory relief" on issues related to Surefire's ability to conduct business in Montreal. Their application makes clear that their only stake in such relief is that, if the Canadian court rules in the manner they hope, it might reduce or eliminate their liability in *Surefire v. Smith*. It follows then that the discovery they seek in Pennsylvania is relevant to their liability in *Surefire v. Smith*. This raises the question: should the Court use its discretion to permit McCormack and Kopenheffer to identify individual legal questions relevant to their liability in *Surefire v. Smith*, and take discovery on those questions through *ex parte* proceedings under § 1782, rather than the standard discovery procedure in *Surefire v. Smith*, on the grounds that they hope to litigate such questions in foreign court?

---

[2] The Supreme Court, in *Intel Corp. v. Advanced Micro Devices*, outlined factors to guide a court's use of discretion when considering an application under § 1782. However, the Court need not outline those factors here, as McCormack and Kopenheffer's application must be denied for the more fundamental reasons detailed below.

The answer is clearly "no". Approving the § 1782 application would not increase the quantum of evidence McCormack and Kopenheffer are entitled to discover, as they are already permitted to discover information weighing on their liability in *Surefire v. Smith*. However, approving their application would permit them to obtain such discovery in a far less efficient and just manner.

With regard to efficiency, granting McCormack and Kopenheffer's application would establish a separate and thoroughly redundant docket exclusively for a discovery issue germane to *Surefire v. Smith*. This would create significant potential for inefficiencies. McCormack and Kopenheffer's co-defendants in *Surefire v. Smith* may well try and discover the same information leading to a situation where multiple parties seek identical discovery for identical purposes on two distinct dockets. The targets of McCormack and Kopenheffer's discovery, should they wish to modify or challenge a request, may have to present identical challenges on different dockets. This could lead to a particularly messy process given that a ruling on the § 1782 application would almost certainly become appealable before an ordinary discovery ruling in *Surefire v. Smith* – leading to a situation where identical evidentiary disputes end up in different procedural postures. The result would be a dramatically more convoluted and less efficient discovery process.

With regard to justice, granting McCormack and Kopenheffer's application would permit them to obtain discovery through *ex parte* proceedings, thus avoiding various mechanisms meant to safeguard fairness and transparency in adversarial lawsuits in Federal Court. In particular, granting their application would prejudice the other parties to *Surefire v. Smith* by permitting McCormack and Kopenheffer to take discovery without triggering the notice requirements in rules 30(b)(1), 31(a)(3), and 45(a)(4). Notice requirements are a key component of fair and transparent litigation and the Court will not permit parties to take an end run around them by merely asserting

4

a desire to litigate questions germane to their domestic lawsuit in a foreign court.

The Court thus finds that granting McCormack and Kopenheffer's application is unlikely to increase the amount of information available to them through discovery, but is likely to cause inefficiencies and subvert the goal of "just, speedy, and inexpensive determination of every action". As a result, the Court will exercise its discretion to deny the application.

## III.    CONCLUSION

For the foregoing reasons, McCormack and Kopenheffer's application will be denied. An Order consistent with this Memorandum will be docketed separately.